# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| JANIE FRANKLIN,<br><br>    Plaintiff,<br><br>v.<br><br>HABERSHAM COUNTY SCHOOL DISTRICT,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO:  2:12-CV-0043-WCO |

## COMPLAINT

Plaintiff, Janie Franklin, by and through counsel, hereby files this Complaint against the Habersham County School District and alleges as follows:

## INTRODUCTION

1.

This is an action to recover for lost wages in the form of overtime compensation brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 *et seq.* ("FLSA").  Specifically, Plaintiff, Janie Franklin, was employed with the School District as a Payroll Officer for approximately 26 years.  From approximately July 2008 through November 2011, Plaintiff was misclassified as an

exempt employee for purposes of the FLSA and denied overtime pay. Plaintiff seeks back pay, liquidated damages and attorneys' fees to remedy this violation.

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 207 *et seq.* and 29 U.S.C. § 216(b) *et seq.*

3.

Venue is proper pursuant to 28 U.S.C. § 1391 in that the unlawful employment practices and the violations of Plaintiff's rights alleged below were committed in this judicial district.

## PARTIES

4.

Plaintiff Janie Franklin is a legal resident of the United States and the State of Georgia. She is a "Payroll Officer" for the School District and is an "employee" as that term is defined under 29 U.S.C. §203(e). During her employment, Plaintiff performed non-exempt labor, as defined by the FLSA and worked an amount of time that was more than forty (40) hours per workweek for which she was not paid the overtime wage differential. Plaintiff submits herself to the jurisdiction of this Court.

5.

Defendant Habersham County School District is an "employer" as that term is defined under the FLSA, 29 U.S.C. §203(s) and is subject to the provisions of the Act relating to payment of overtime compensation.  It may be served by delivering process to its Board Chair or the Superintendent at either their residence or office addresses.

## STATEMENT OF FACTS

6.

Plaintiff has been employed for the School District for approximately 26 years, during which time she has worked as a "Payroll Officer."

7.

During most of her tenure with the School District, Plaintiff was classified as a non-exempt employee for purposes of the Fair Labor Standards Act and paid time and a half for all hours worked over forty in a given workweek.

8.

From approximately July 2008 through November 2011, then Superintendent Robert Costley classified Plaintiff as exempt from the overtime provisions of the FLSA and refused her requests for overtime pay.

9.

After Superintendent Costley left his job and was replaced by Interim Superintendent Larry Hill, Plaintiff was again classified as non-exempt and paid for the overtime she worked.

10.

During the period from July 2008 through November 2011, Plaintiff was not paid the overtime wage differential required by the FLSA, 29 U.S.C. §207, on the occasions that she worked over forty (40) hours in a workweek.

11.

Plaintiff regularly worked more than 40 hours in a workweek during the period from July 2008 through November 2011.

12.

Plaintiff's primary duties were purely clerical and included such things as handling new hire documentation, recording resignations, retirements and terminations, payroll processing, printing and entering data for end-of-the-month reports, processing and distributing benefit information, documenting and reporting on leave requests, preparing quarterly tax reports and performing other duties as requested by management.

13.

Plaintiff's job duties as described above did not require the exercise of discretion and independent judgment with respect to matters of significance.

14.

Plaintiff did not manage any of Defendant's departments or divisions.

15.

Plaintiff did not customarily and regularly direct the work of other full-time employees or their equivalent, did not have the authority to hire or fire other employees, and was neither authorized nor entitled to make suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees nor would any such suggestion have been given particular weight.

16.

By failing to pay Plaintiff overtime compensation for time that Plaintiff worked in excess of forty (40) hours in a workweek, Defendant violated the FLSA, 29 U.S.C. §207.

17.

Defendant's conduct in refusing to pay Plaintiff overtime compensation was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), entitling Plaintiff to bring this claim within three years of the accrual of her cause of action.

18.

Based upon the duties assigned to Plaintiff, Defendant had no reasonable grounds for believing that its refusal to pay overtime compensation to Plaintiff was appropriate under the FLSA.  As such, Defendant is not entitled to any reduction in the amount of liquidated damages under 29 U.S.C. § 216(b).

## COUNT ONE
### VIOLATION OF THE FLSA – UNPAID OVERTIME WAGES

19.

The allegations contained in paragraphs 1 through 18 are hereby incorporated by this reference.

20.

By virtue of Defendant's failure or refusal to pay overtime compensation, Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 207 and 215, and deprived Plaintiff of overtime compensation at one and a half times her hourly wage.

21.

Defendant's failure to pay Plaintiff the overtime compensation she was owed was willful and done in bad faith. Plaintiff is entitled, therefore, to the benefit of the three-year statute of limitations and unpaid compensation with interest to date plus liquidated damages all pursuant to 29 U.S.C. §§ 207, 215, 216(b) and 255.

22.

Defendant's failure or refusal to pay Plaintiff the overtime compensation she was owed further entitles her to recover her attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

**RELIEF**

Plaintiff respectfully requests that this Court:

1. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured by the Fair Labor Standards Act of 1938, as amended;

2. Grant Plaintiff a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff or others similarly situated because of her or their opposition to the

unlawful practices outlined here or because of her or their participation in this lawsuit;

    3.  Order Defendant to make the Plaintiff whole by providing for her lost pay plus interest;

    4. Grant to Plaintiff liquidated damages under the FLSA in an amount equal to the sum of her lost wages;

    5.  Grant to Plaintiff a jury trial on all issues so triable;

    6.  Grant to Plaintiff her costs in this action and reasonable attorneys' fees as provided by law; and

    7.  Grant such additional relief as the Court deems proper and just.

    Respectfully submitted,

                                      JF BEASLEY, LLC

                                      By:   /s/ John F. Beasley, Jr.
                                                  John F. Beasley, Jr.
                                                  Georgia Bar No. 045010
                                                  jfbeasley@jfbeasleylaw.com

31 North Main Street
P.O. Box 309
Watkinsville, GA 30677
Telephone:   706-769-4410
Facsimile:    706-769-4471

Counsel for Plaintiff