IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JANIE FRANKLIN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 2:12-CV-0043-WCO |
| HABERSHAM COUNTY SCHOOL : | |
| DISTRICT, : | |
| : | |
| Defendant. : | |

## **ORDER**

The captioned case is before the court for consideration of the parties' "Joint Motion to Approve Settlement and for Entry of Stipulated Judgment" [9].

This is a Fair Labor Standards Act (hereinafter "FLSA") action where plaintiff seeks unpaid overtime compensation accrued from approximately July 2008 through November 2011. The parties have agreed to settle this dispute and have filed this motion seeking approval of the settlement, along with a copy of the proposed settlement agreement, a copy of the fee contract, billing records, and several affidavits. The court ordered the parties to appear on July 11, 2012, for a settlement hearing. On that date, a hearing was held and the court heard argument from each side and also received testimony from plaintiff.

When an employee brings a private action for back wages under the FLSA and presents a proposed settlement agreement to the district court, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States Dept. of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Part of this reasonableness review may involve some scrutiny of the amount of fees to be paid to plaintiff's counsel. "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished per curiam opinion). This court has previously discussed the conflict of interest that may arise in a FLSA settlement. *See generally Martin v. Huddle House, Inc.*, No. 2:10-CV-0082-WCO, 2011 WL 611625 (N.D. Ga. Feb. 11, 2011).

In this case the total settlement amount is $98,400.00 plus $12,750.00 in attorney's fees. The settlement amount is as follows: (1) $32,141.00 for plaintiff's FLSA overtime claim; (2) $32,141.00 for plaintiff's FLSA liquidated damages claim; and (3) $34,118.00 for plaintiff's agreement to resign her employment and release defendant (as well as other named entities) from all claims. As represented by the parties in their filings and at the hearing, all settlement amounts were agreed to before

any discussion about attorney's fees. The parties' written submission and oral argument demonstrate that they followed an ethical course of conduct in this matter and closely hewed to prior decisions of this court outlining the numerous ethical pitfalls that arise in FLSA settlement negotiations. The attorneys for both parties are commended for their professionalism.

After reviewing the settlement agreement, the accompanying submissions, and the arguments presented at the hearing, it is apparent that there is a bona fide dispute over FLSA provisions in this matter. The disputed legal issues included whether plaintiff was an exempt administrative employee and whether plaintiff was paid under a "fluctuating work week" method. The parties represented that these issues were complex and would likely require jury determination if they were not settled.

Additionally, the court finds that the settlement is a fair and reasonable settlement of plaintiff's claims. Plaintiff is receiving the full amount of overtime wages she believed she was owed. She is also receiving an equal sum of liquidated damages and an additional amount for her agreement to resign. Moreover, the attorney's fees awarded in this case are very reasonable. In relation to the overall damages award, the attorney fees are not large. The fee complied with the fee contract, which provided for a reasonable $250.00 hourly rate. Indeed, plaintiff's attorney commendably agreed to a fee award smaller than the one he was entitled to

based on the hours he worked in this case.  Further, plaintiff's attorney avoided the potential conflict of interest that the court has noted in previous FLSA cases and explicitly complied with the court's prior directives by negotiating a fee award *after* the damages award was finalized. Therefore, the court will approve the proposed settlement agreement and dismiss this case with prejudice.

For the foregoing reasons, the parties' "Joint Motion to Approve Settlement and for Entry of Stipulated Judgment" [9] is hereby **APPROVED**.  This case is hereby **DISMISSED** with prejudice.  The clerk is hereby **DIRECTED** to close this case.

**IT IS SO ORDERED**, this 11th day of July, 2012.

*s/William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge